IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MACKENZIE MORLEY,

       Plaintiff,

v.                                      Case No.:  3:22-cv-00375

ENERGY SERVICE OF AMERICA
CORP., a West Virginia corporation,
and C.J HUGHES CONSTRUCTION
CO., INC., a domestic corporation and
wholly owned subsidiary of ESOA,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants' Motion to Compel Supplemental Responses to Defendants' First Set of Discovery Requests, (ECF No. 39). Plaintiff has filed a response to the Motion, (ECF No. 44), and Defendants have replied, (ECF No. 45). Therefore, the matter is fully briefed, and the Court does not believe that oral argument is necessary to resolve the remaining discovery disputes. For the reasons that follow, the Motion to Compel is **GRANTED**. (ECF No. 39).

This case involves claims of sex discrimination and harassment at the work place. Currently at issue are one interrogatory response and one partially supplemented response to a request for production of documents. In Interrogatory No. 11, Defendants ask Plaintiff to list all dates on which she was absent from work for personal reasons while employed at C. J. Hughes. Plaintiff first responded that Defendants had all of her records, including her absences, apparently suggesting that

Defendants should just go look up the answer for themselves. However, Defendants advised Plaintiff's counsel that they did not have those records, because Plaintiff failed to submit accurate time records; therefore, Plaintiff needed to provide a complete and accurate response to the Interrogatory. (ECF No. 40 at 6). Plaintiff filed a supplemental response in which she stated the following:

> Mr. Austin [Plaintiff's supervisor] instructed Plaintiff not to notate absences or vacation on her timecard. If there were absences, CJH would have a record of each and every day an absence was preapproved. Plaintiff never had an unexcused absence—to the best of her knowledge— during her tenure at CJH. All her absences had been approved.

(ECF No. 44 at 2). Plaintiff argues that this response is adequate, because Defendants should have records documenting her absences, she does not have such records, and she has already given Defendants a copy of her work calendar. (*Id.* at 2-3). Defendants contend that the answer is unacceptable given that Plaintiff has not provided any dates whatsoever in response to Interrogatory No. 11. (ECF No. 45 at 3).

To begin, Interrogatory No. 11 does not require the production of documents. Accordingly, Plaintiff's lack of documents is not an excuse to providing a response. While Plaintiff may rely on business records to answer the interrogatory, she must be able to specify the records in sufficient detail so that the interrogating party can locate and identify them as easily as Plaintiff *and* she must give the interrogating party a reasonable opportunity to examine and audit the records, make copies, compilations, abstracts and summaries. *See* Fed. R. Civ. P. 33(d). Clearly, Rule 33(d) presumes that the records being supplied in lieu of a written answer to an interrogatory are in the possession of the responding party rather than the interrogating party, and at a minimum, they must be specifically identified or produced. *LeBlanc v. Unifund CCR Partners, G.P.*, No. 8:06-CV-1216-T-TBM, 2007 WL 2446900, at *2 (M.D. Fla. Aug.

23, 2007). A general instruction by the answering party to "go search your own records" is not an adequate response to an interrogatory such as this one.

In any event, Defendants in this case claim that they are not in possession of records sufficient to answer this interrogatory, because Plaintiff did not submit time records that were accurate. Plaintiff supports this claim to a degree. She asserts that her supervisor explicitly instructed her **not** to document absences on her time cards; thereby, precluding a formal work record of her absence. Consequently, it is not appropriate for Plaintiff to object on the ground that Defendants are (or *may be*) in possession of responsive information. *See Schlup v. Depositors Ins. Co.*, No. 19-2095-HLT-GEB, 2020 WL 5094709, at *10 (D. Kan. Aug. 28, 2020). Based on the description of how Plaintiff's time records were and were not documented, Plaintiff certainly may have knowledge concerning the dates of her absences that differs from that available to Defendants, and there is no legitimate reason for her not to provide that information in response to Interrogatory No. 11. For example, Plaintiff may have a memory of having taken a vacation, or credit card receipts that will refresh her memory. She may have medical records or other non-work-related materials that can provide dates on which she was not at C. J. Hughes. Therefore, Defendants' motion to compel Interrogatory No. 11 is **GRANTED**. Plaintiff is **ORDERED** to serve a full and complete response within **ten (10) days** of the date of this Order.

Defendants move to compel a supplemental response to Request for Production of Documents No. 5, which asks for communications concerning Plaintiff's employment with C. J. Hughes or the facts and circumstances of the amended complaint. Plaintiff produced documents in response, but some of them were illegible. Defendants asked for legible copies, and Plaintiff agreed  to supply them. However,

Defendants complain that only a portion of the illegible documents were replaced. Plaintiff asserts that Defendants have had an opportunity to review the documents with Plaintiff at her deposition, and any that were difficult to decipher have been read into the record. (ECF No. 44 at 3). Defendants argue that this is not sufficient, as they may wish to use the actual documents as exhibits at trial, and the jury must be able to read them. (ECF No. 45 at 4).

The Court agrees with Defendants. Therefore, Defendants' motion to compel Request for Production of Documents No. 15 is **GRANTED**. To the extent legible copies have not already been provided, Plaintiff is **ORDERED** to provide Defendants with legible copies of the documents produced in response to Request No. 15 within **ten (10) days** of the date of this Order.

Defendants have moved the Court for reasonable fees and costs pursuant to Fed. R. Civ. P. 37. Accordingly, Defendants shall have through and including **May 19, 2023** in which to file an affidavit of reasonable fees and expenses incurred in making the motion to compel, as well as any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Failure to timely file the affidavit and supporting documentation shall result in a denial of fees and costs. Plaintiff shall have through and including **June 2, 2023** in which to respond to Defendants' submission. The response shall include any justification that would obviate against an award of expenses. Failure to file a response shall be deemed an admission of or agreement with the representations and arguments of Defendants. Defendants shall have through and including **June 9, 2023** in which to file a reply memorandum.

4

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** April 28, 2023

Cheryl A. Eifert
United States Magistrate Judge