IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MACKENZIE MORLEY,**

    **Plaintiff,**

v.                                                        **Case No.:  3:22-cv-00375**

**ENERGY SERVICE OF AMERICA
CORP., a West Virginia corporation,
and C.J. HUGHES CONSTRUCTION
CO., INC., a domestic corporation and
wholly owned subsidiary of ESOA,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**

On April 28, 2023, the Court granted Defendants' Motion to Compel Supplemental Responses to Defendants' First Set of Discovery Requests. (ECF No. 47).  Defendants seek the attorneys' fees that they incurred pursuing the Motion to Compel, (ECF No. 57), as well as other sanctions arising from Plaintiff's failure to supplement her discovery responses as ordered. (ECF No. 77). For the reasons that follow, the Court **DENIES** Defendants' request for attorneys' fees related to the Motion to Compel, (ECF No. 57), but **GRANTS, in part,** and **DENIES, in part,** the Motion for Sanctions. (ECF No. 77).

**I.**    **Relevant Facts**

    *A. Second Amended Complaint*

Plaintiff worked for Defendant C.J. Hughes Construction Co., Inc. ("C.J. Hughes"), a subsidiary of Defendant Energy Services of America, from January 1, 2020 to June 23, 2023 as the Director of Marketing and Business Development. (ECF No. 80 at 2, 3).

Plaintiff alleges that she was subjected to unlawful sexual harassment and a hostile work environment during her employment.

### B.  Defendants' Motion to Compel

In January 2023, Defendants served their first set of discovery requests to Plaintiff. (ECF No. 27). They requested, *inter alia*, the following information:

> **Interrogatory No. 11**
> List all dates on which you were absent from work for personal reasons while employed by CJH and for each date [sic].
>
> > **ANSWER:** CJH has Plaintiff's work records, including her absences. Each and every absence of Plaintiff was approved by the company and Mr. Austin personally.
> >
> > **SUPPLEMENTAL RESPONSE:** Mr. Austin instructed Plaintiff not to notate absences or vacation days on her timecard. If there were absences, CJH would have record of each and every day an absence was preapproved. Plaintiff never had an unexcused absence—to the best of her knowledge—during her tenure at CJH. All her absences had been approved.
>
> **Request for Production No. 15**
> Produce complete copies of all communications, electronic or otherwise, along with any e-mails, text messages, and social media messages, to or from you, or anyone else on your behalf, concerning your employment with C.J. Hughes or the facts and circumstances of your lawsuit.
>
> > **RESPONSE:** See Exhibits C, D, G, and H.
> >
> > **SUPPLEMENTAL RESPONSE:** Exhibits Resubmitted via email and thumb drive.

(ECF No. 40 at 6, 11).

On April 5, 2023, Defendants moved to compel Plaintiff to fully respond to the foregoing discovery requests, and they sought their reasonable fees and expenses incurred in making the motion. (ECF Nos. 39, 40). Defendants argued that Plaintiff never provided the information requested in Interrogatory No. 11, and she still had not produced legible

copies in response to Request for Production No. 15 as promised. (ECF No. 40).¹

On April 28, 2023, the Court granted Defendants' Motion to Compel and ordered Plaintiff to properly respond to Defendants' Interrogatory No. 11 and produce legible copies of documents in response to Request for Production No. 15 within 10 days. (ECF No. 47 at 3-4). Concerning Interrogatory No. 11, the Court found that Plaintiff's general instruction for Defendants to search their own records was inadequate. (ECF No. 47 at 3). Further, the Court noted that Defendants explained to Plaintiff after her initial response that they did not have records sufficient to answer the interrogatory, yet Plaintiff still provided the supplemental response directing them to their own records. (*Id.*). The Court explained to Plaintiff that there was no legitimate reason for her not to provide the information known to her, whether it be based on her memory, credit card receipts, medical records, or any other non-work-related materials. (*Id.*).

As to Defendants' requests for expenses related to the motion, the undersigned permitted Defendants to file an affidavit of their reasonable fees and expenses incurred in making the motion and any supportive documentation or argument justifying the amount requested. (*Id.* at 3-4). Plaintiff could respond to the submission, including arguing that costs and fees should not be awarded. (*Id.* at 3). On May 4, 2023, Plaintiff objected to the undersigned's "finding for attorneys['] fees and costs," but the presiding District Judge denied the motion as premature because fees and expenses had not been awarded. (ECF Nos. 51 at 5, 55).

On May 19, 2023, Defendants filed a brief in support of their petition for attorneys' fees. (ECF No. 57). They alleged that Plaintiff still had not responded to Interrogatory No.

---

¹ Defendants also identified Request for Production No. 2, but that information was provided to Defendants after the Motion to Compel was filed. (ECF No. 45 at 2).

11 in brazen disregard of the Court's Order. (*Id.* at 1). Defendants sought $19,740.00 in attorneys' fees for the time that their counsel spent conferring with clients and Plaintiff's counsel about the discovery disputes; reviewing supplemental documents; researching the applicable law; drafting the Motion to Compel and supporting briefs, as well as the brief in support of the petition for fees, affidavit, and spreadsheet; and reviewing Plaintiff's response brief and objections to the order granting the Motion to Compel. (ECF Nos. 57-1, 57-2). Defendants noted that, prior to the Motion to Compel, they asked Plaintiff for another extension to file the motion so that the parties could continue to work on the issues before seeking court intervention, but Plaintiff did not respond in time, so they filed the Motion to Compel at close of business on the agreed upon deadline. (ECF No. 57 at 6).

In response, Plaintiff argued that the extensive hours that Defendants' counsel purportedly expended regarding the Motion to Compel were unnecessary, as the parties were working together collegially on the discovery dispute and Plaintiff gave Defendants no indication that she would refuse to provide the information or would oppose another extension for Defendants to file a discovery motion if the issues could not be resolved. (ECF No. 70 at 6-9). According to Plaintiff, it was time consuming for her counsel's small law firm to gather and produce the text messages in response to Request for Production No. 15, and she believed that her response to Interrogatory No. 11 was sufficient. (*Id.* at 7-8). Plaintiff stated that, in hindsight, she perhaps should have made it "crystal clear" that she did not recall the exact dates that she was absent from work. (*Id.* at 8).

Defendants' reply highlights the fact that they made six separate attempts to resolve this discovery dispute and gave Plaintiff two extensions to provide the requested discovery. (ECF No. 72 at 1). Further, they emphasize that Plaintiff has still not complied

4

with the Court's order to supplement her response to Interrogatory No. 11. (*Id.* at 2).

### C. Defendants' Motion for Sanctions

On July 11, 2023, Defendants filed a Motion for Sanctions regarding Plaintiff's continued failure to respond to Interrogatory No. 11. (ECF No. 77). According to Defendants, Plaintiff evidenced bad faith by not answering the interrogatory even when ordered to do so; Defendants have been unable to discover the facts to support their defense; and less dramatic measures, including the threat of monetary sanctions, did not deter Plaintiff's failure to cooperate in discovery. (ECF No. 78 at 5-7). Therefore, Defendants ask the Court to not only award their fees and expenses associated with the Motion to Compel, but also order Plaintiff to provide additional discovery on the issue of Plaintiff's absences from work, including access to her credit card statements, social media accounts, and personal cell phone records; prohibit Plaintiff from opposing Defendants' assertion that she flagrantly abused C.J. Hughes's personal time off policy; and award Defendants their reasonable fees and expenses incurred in bringing the Motion for Sanctions. (*Id.* at 7).

In response, Plaintiff argues that she answered the interrogatory twice, and Defendants were required to keep records of her attendance pursuant to the Fair Labor Standards Act (FLSA). (ECF No. 84 at 2). According to Plaintiff, she objected to the undersigned's order for her to supplement her response, but the District Judge has not yet ruled on the objection to the "substantive" ruling. (*Id.* at 3). Accordingly, she stood on her objection and did not supplement her response. (*Id.* at 5). Plaintiff further contends that Defendants did not raise the issue of Interrogatory No. 11 during the most recent meet and confer discussion, much less advise her that they would seek sanctions. (*Id.* at 3). Plaintiff alleges that she intends to provide a second supplemental response, but the best

5

evidence of her work schedule is contained within Defendants' record. (*Id.* at 5, 6). She disputes that any sanctions are warranted, and certainly not the severe sanctions requested, because Defendants have not suffered any prejudice from her actions.[2] (*Id.*).

In reply, Defendants note that Plaintiff still has not supplemented her response to Interrogatory No. 11 as of July 17, 2023. (ECF No. 85 at 1). They point out that Plaintiff did not object to Interrogatory No. 11 on the ground that Defendants should have the information pursuant to the FLSA, and she never raised that argument in all of the briefs on the issue. (*Id.* at 2-3). As to the most recent meet and confer discussion, Defendants contend that it pertained only to the second set of discovery requests. (*Id.* at 3). Interrogatory No. 11, by contrast, was in Defendants' first set of written discovery requests and was discussed during a previous meet and confer session and ruled upon by this Court. (*Id.*). Defendants maintain that they were not required to reach out to Plaintiff again about her failure to comply with the Court's ruling in order for them to seek sanctions. (*Id.* at 3-4).

---

[2] The undersigned notes that throughout many of Plaintiff's filings, the titles 'Magistrate Judge" and "Magistrate" are used interchangeably. That is incorrect. As explained in *Bird v. NASA*:

> The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States magistrate … shall be known as a United States magistrate judge.") It is an important distinction that the parties failed to recognize. *See United States v. Higby,* No. 4:15CR0142 JAJ, 2015 WL 13914071 (D.C. Ia. Dec. 2, 2015). Thus the word "magistrate" is no longer appropriately used as a noun in federal courts, but only as an adjective, indicating the type of judge to which one is referring. It is the equivalent of calling a district judge "district" a bankruptcy judge "bankruptcy" or a circuit judge "circuit." The proper way to refer to a magistrate judge orally or in writing is "Judge." The official title is United States Magistrate Judge.

*Bird,* No. 4:20-cv-275, 2022 WL 90515, at n.1 (S.D. Tx. Jan. 7, 2022). Given that the change was made more than thirty years ago, lawyers practicing in federal courts should be familiar with how to properly address a federal magistrate judge.

## II. Discussion

### *A. Attorneys' Fees Regarding Motion to Compel*

As noted, the undersigned granted Defendants' Motion to Compel responses to Interrogatory No. 11 and Request for Production No. 15 in Defendants' first set of discovery requests. (ECF No. 47). Therefore, under the Federal Rules of Civil Procedure, the Court must award Defendants their reasonable expenses incurred in making the motion unless (1) they filed the motion before attempting in good faith to obtain the discovery without court action; (2) Plaintiff's response or objection was "substantially justified"; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Considering the first exception, Plaintiff indicates that Defendants should have presumed that another extension of the deadline to file a Motion to Compel would have been agreeable to Plaintiff, thus allowing the parties to continue conferring over the dispute. To the extent that Plaintiff claims that Defendants did not attempt to obtain the discovery without court action, such an argument is unavailing. The record reflects that Defendants contacted Plaintiff in writing various times concerning the discovery responses and waited until the evening of the agreed upon deadline to file the motion. Although Plaintiff was cooperative in the past, Defendants could not risk waiving the Motion to Compel on the assumption that Plaintiff *probably* would grant them another extension. Therefore, the first exception to awarding fees does not apply in this case.

Turning to the remaining exceptions, a "party satisfies the substantially justified standard if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact." *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D.

7

Md. 2012) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.,* 311 Fed. Appx. 586, 599 (4th Cir.2009)) (markings omitted); *see also Burkett*, 244 F.R.D. at 330 (citing *Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d* § 2288 (1994) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule.")). Although the Court ultimately found that Plaintiff's discovery responses were inadequate, a review of the communications between counsel convinces the undersigned that there was a legitimate dispute between the parties as to a proper resolution concerning the discovery requests at issue. Plaintiff thought that her answer to Interrogatory No. 11 clearly conveyed that she did not have information to respond to the query other than what was in the records that were already in Defendants' possession. Nonetheless, Plaintiff continued to communicate with Defendants and supplement her response.

Regarding Interrogatory No. 11, Plaintiff explains in her responsive brief that she cannot recall the dates that she was absent from work, but she knows that all of her absences were excused by her employer. (ECF No. 70 at 8). For this reason, she directed Defendants to their own records for that information. (*Id.*). As to Request for Production No. 15, Plaintiff notes that she cooperated in producing more legible copies of responsive documents. (*Id.* at 2-5). Therefore, Plaintiff argues that she produced all available information requested by Interrogatory No. 11 and Request for Production No. 15 and believes that Defendants were being unreasonable in their continued demands and did not need to file a Motion to Compel. (ECF No. 70 at 2-5). Defendants, on the other hand, were frustrated that Plaintiff was not more forthcoming and precise in her answer to Interrogatory No. 11 and suspected that her reference to their corporate records was

8

simply an evasive maneuver to avoid responding to a legitimate inquiry. (ECF No. 40). They were also aggravated that, despite multiple attempts, Plaintiff seemed incapable of reproducing legible copies of messages. Consequently, they believed they had little option but to move to compel complete responses to the requests.

Plaintiff undoubtedly should have clarified in her response to Interrogatory No. 11 that she had made a reasonable search and could not locate personal records or other information to help her document or recollect the dates of her absences from work during the relevant time period. She also admittedly experienced some difficulty in producing pristine copies of documents to Defendants' satisfaction. Nevertheless, the facts of this matter show that her actions were substantially justified and that she tried to respond to the discovery requests to Defendants' satisfaction.

Other circumstances also make an award of attorneys' fees unjust related to the Motion to Compel. First, Plaintiff has continually responded to Defendants and attempted to provide the requested information. Despite some delays and issues with the responses, there is no indication that Plaintiff withheld any information or purposefully delayed the discovery process. Second, Defendants suffered no significant prejudice from Plaintiff's discovery failures in spite of their claims to the contrary. Defendants successfully deposed Plaintiff and have received the information that they seek absent a small number of text messages that are missing from Plaintiff's newest production. (ECF No. 57 at 3 n.1). Although written discovery closed, the discovery period does not end until September 11, 2023. (ECF No. 32 at 1). Defendants can still take additional depositions if necessary. As a final consideration, a significant portion of the attorneys' fees claimed by Defendants would not have been reimbursable. Defendants are "not entitled to reimbursement for time spent in making the requisite good faith effort to obtain answers to discovery prior

to filing a Motion to Compel, as that is an obligation placed on every party to litigation." *Diversified Servs., LLC v. Nat'l Cas. Co.,* No. 2:14-CV-00033, 2015 WL 164088, at *5 (S.D.W. Va. Jan. 13, 2015). Also, a party is not typically entitled to receive payment for reviewing discovery responses because it is a necessary cost of litigation. *Id*. Excessive or unnecessary billable hours are also not compensable. *Id*. Defendants seek $19,740.00 in attorneys' fees for a simple, straightforward Motion to Compel on only three discovery requests, one of which was resolved during briefing. The circumstances herein do not justify awarding attorneys' fees to Defendants, much less the excessive sum requested. Therefore, for the reasons specified, Defendants' request for attorneys' fees related to their Motion to Compel, (ECF No. 57), is **DENIED**.

### B. *Motion for Sanctions*

Although Plaintiff's actions that preceded the Motion to Compel were substantially justified, her actions after the Court's Order are not. (ECF No. 47). The Court explicitly ordered Plaintiff to serve a complete and full response to Interrogatory No. 11 and produce legible copies of text messages in response to Request for Production No. 15. She has not fulfilled either directive. While Plaintiff states in her responsive brief that she does not recall the dates that she was absent from work, she has never supplemented her discovery response to Interrogatory No. 11 to indicate the same. Even after receiving an explanation from the Court as to why her response and supplemental response to Interrogatory No. 11 were inadequate, she simply ignored the Court's ruling to supplement them.

As worded, Plaintiff's responses do appear evasive. It is impossible to determine if Plaintiff (1) has any memory of her absences from work and is simply refusing to provide dates that are based on recollection alone; (2) has conducted any search of her personal records to pinpoint dates when she was out-of-town, sick, or on vacation; (3) has spoken

10

to any family members or friends who might have better recall than her about vacations, family events, illnesses, etc. . .; or (3) did any reasonable investigation whatsoever in an effort to recreate a list of her days off between January 1, 2020 through June 23, 2023. *Moore v. Indian Harbor Ins. Co.*, No. 3:22-CV-00385, 2023 WL 2520582, at *6 (S.D.W. Va. Mar. 14, 2023) (quoting *Shulin v. Werner Enterprises, Inc.*, No. 1:15CV87, 2017 WL 10379225, at *5 (N.D.W. Va. Aug. 11, 2017)) (The person verifying interrogatories "must ensure that enough due diligence and investigation have been conducted to be sure that the party's answers are complete and the information is reliable and accurate."). Rather than stating that she lacks any information upon which to answer the interrogatory, Plaintiff's current answers convey an utter lack of effort on her part to collect the information that would allow her to answer. Furthermore, the interrogatory asked for the dates that Plaintiff was absent from work for personal reasons; it did not ask about "unexcused" or "preapproved" absences, which were unsolicited distinctions made by Plaintiff in her answers. The question simply asked about all absences for personal reasons, which, unless there is a specific definition for the term "personal" which is unknown to the Court, would include virtually every absence. While it is difficult to believe that Plaintiff cannot remember a single day that she was absent from work, if indeed she does not recall and has no way to provide ***any of them***, she should have stated that fact in a verified response to the interrogatory. Rather than doing so, however, Plaintiff filed a responsive brief providing the necessary information that she should have put in a discovery response. A statement in a memorandum is not a substitute for a verified discovery response. As such, Defendants now seek sanctions. Defendants claim further that Plaintiff has yet to provide all of the legible text messages promised by Plaintiff in response to Request for Production No. 15.

11

Given the current posture of these discovery responses, the Court agrees that Defendants are entitled to reasonable fees related to filing the Motion for Sanctions, and Plaintiff must supplement her response to Interrogatory No. 11 to clarify that, after due diligence and investigation, she ***does not know any of the dates*** on which she was absent from work for personal reasons, and she must provide legible documents in response to Request for Production No. 15. Any further disregard of the Order could justify the imposition of additional sanctions. Plaintiff's assertion that she is waiting for the District Judge to rule on her "substantive objection" before supplementing these two discovery responses is inconsistent with a plain reading of her objections, in which she only asked the District Judge to "reverse the Magistrate Court's [sic][3] finding for attorneys['] fees and costs." (ECF No. 51 at 5). Moreover, when the District Judge denied the motion as premature because fees and costs had not been awarded, Plaintiff did not correct the District Judge's understanding that the only issue raised was an objection to an award of tthe fees and costs. (ECF No. 55). Plaintiff's objections were resolved by Court's Order, (*Id.*); therefore, there is no justification for Plaintiff's disregard of the undersigned's discovery order.

Despite Plaintiff's above failures, the other extreme sanctions sought by Defendants are unwarranted. As noted, Defendants have an informal response to Interrogatory No. 11 that Plaintiff does not know the dates that she was absent. Defendants have not shown any circumstances or prejudice to the defense of their case to justify ordering Plaintiff to produce additional discovery or forcing her to admit that she

---

[3] There is no "Magistrate Court" in the United States Courts, either. United States Magistrate Judges are judicial officers of the United States District Court. The undersigned reiterates the importance of counsel familiarizing themselves with the federal court structure and recommends that they consult www.uscourts.gov.

12

"flagrantly abused C.J. Hughes's personal time off policy," which is a key issue in this matter. (ECF No. 78 at 7).

Therefore, the Court **GRANTS, in part,** the Motion for Sanctions insofar as Defendants are awarded reasonable fees associated with the Motion for Sanctions and Plaintiff is ordered to supplement the discovery responses. The Court **DENIES, in part,** the Motion for Sanctions to the extent it seeks more drastic sanctions. The Court **ORDERS** Defendants to file on or before **August 31, 2023** an affidavit of reasonable fees and costs incurred in making the Motion for Sanctions and any supportive documentation or argument to justify the amount of fees and expenses requested. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243-44 (4th Cir. 2009). Failure to timely file the affidavit and supporting documentation shall result in a denial of fees and costs. Plaintiff shall have through and including **September 14, 2023** in which to respond to Defendants' submission. The response shall include any justification that would obviate against the amount requested. Failure to file a response shall be deemed an admission of or agreement with the representations and arguments of Defendants. Defendants shall have through and including **September 21, 2023** in which to file a reply memorandum.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** August 15, 2023

Cheryl A. Eifert
United States Magistrate Judge

13