IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MACKENZIE MORLEY,**

    **Plaintiff,**

v.                                              **Case No.:  3:22-cv-00375**

**ENERGY SERVICE OF AMERICA
CORP., a West Virginia corporation,
and C.J. HUGHES CONSTRUCTION
CO., INC., a domestic corporation and
wholly owned subsidiary of ESOA,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On August 15, 2023, the Court granted Defendants' Motion for Sanctions, in part, to the extent that it ordered Plaintiff to supplement her discovery responses and reimburse Defendants their reasonable attorneys' fees associated with the motion. (ECF No. 107 at 13). The Court established a briefing schedule regarding the amount of fees. (*Id.*). Defendants submitted their fee affidavit and supporting documentation on August 31, 2023 in compliance with the briefing schedule. (ECF Nos. 113, 113-1, 113-2). Plaintiff was allotted through September 14, 2023 to respond to Defendants' submission, or, as specified in the Court's Order, her failure to respond would be deemed an admission of or an agreement with the representations and arguments of Defendants. (ECF No. 107 at 13). Plaintiff did not file a response. Therefore, Defendants' request for fees in unopposed.

The Court must calculate the award of attorneys' fees, applying a three-step process. *McAfee v. Bozcar,* 738 F.3d 81, 88 (4th Cir 2013) ("The proper calculation of an

1

attorney's fee award involves a three-step process.") First, the court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The burden of establishing a reasonable rate and demonstrating that a reasonable number of hours were expended rests with the party seeking attorneys' fees. *McGee v. Cole,* 115 F. Supp. 3d. 765, 771 (S.D.W. Va. 2015) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") enumerated twelve factors to consider when determining a lodestar figure, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)).

At the second step of the process, the court must subtract from the lodestar figure "fees for hours spent on unsuccessful claims unrelated to successful ones." *Grissom,* 549 F.3d at 321 (quoting *Johnson v. City of Aiken,* 278 F.3d 333, 337 (4th Cir. 2002)). Once this calculation is completed, the court proceeds to the third step, which consists of the court increasing the step-two figure by "some percentage of the remaining amount,

depending on the degree of success enjoyed by the [party seeking fees]." *Johnson,* 278 F.3d at 337. In this case, the Court need not formally proceed to the second and third steps, because the fees are being awarded secondary to discovery motions, rather than as an award based upon a successful resolution of the case as a whole.

"When calculating reasonable fees, establishing the hourly rate is generally the critical inquiry." *Wolfe v. Green,* No. 2:08–cv–01023, 2010 WL 3809857 *4, (S.D.W. Va. Sept. 24, 2010) (quoting *Westmoreland Coal Co. v. Cox,* 602 F.3d 276, 289 (4th Cir. 2010)). An hourly rate is considered reasonable when it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 890 n. 11 (1984). "[T]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 179 (4th Cir. 1994). The prevailing market rate for attorneys' fees in a given jurisdiction may be established "by evidence of what attorneys earn from paying clients for similar services in similar circumstances." *Depaoli v. Vacation Sales Assocs, LLC,* 489 F.3d 615, 622 (4th Cir. 2007). Consequently, affidavits outlining hourly rates typically charged and received by local attorneys in the case are useful in determining home market rates. *Id.* Likewise, affidavits from other local lawyers, who are not involved in the case, but are familiar with the skill level of the involved attorneys and with the type of work performed, are also evidence of the range of reasonable hourly rates in the relevant district. *Robinson,* 560 F.3d at 245. In the absence of persuasive affidavits, the court may look to "previous awards in the relevant marketplace as a barometer for how much to award counsel in the immediate case." *Newport News Shipbuilding & Dry Dock Co. v. Holiday,* 591 F.3d 219, 228 (4th Cir. 2009). When the fee applicant fails to provide sufficient outside evidence of

prevailing rates in the community, the court may also rely on its own knowledge of such rates. *Rum Creek Coal Sales*, 31 F.3d at 174.

Defendants submitted a sworn affidavit from their lead attorney, Jill E. Hall, from the law firm of Jackson Kelly, PLLC, explaining that Defendants seek $2,444.00 in attorneys' fees related to the motion of sanctions. (ECF No. 113-1 at 1, 2). As indicated in the affidavit and attached time entries, attorney Benjamin Wilson billed 2.6 hours at his hourly rate of $260.00 for drafting the motion and Ms. Hall billed 5.2 hours at her hourly rate of $340.00 for reviewing and revising the motion, reviewing Plaintiff's response to the motion and law cited therein, developing strategy regarding a reply, drafting and revising the reply brief, and drafting and revising the request for fees and supporting documentation. (ECF Nos. 113-1 at 2, 113-2 at 1). Defendants omitted duplicate entries when two attorneys worked on the same item and only sought reimbursement for one attorney's time at the highest applicable rate. (ECF No. 113-1 at 2).

Defendants incorporate by reference their previously filed affidavit of Kevin L. Carr, dated May 17, 2023, regarding the prevailing rates in the market. (ECF No. 113 at 3) (citing ECF No. 57-3). Mr. Carr is a labor and employment attorney who has practiced since 1995 and is a member of the law firm Spilman Thomas & Battle, PLLC, and co-chair of the labor and employment practice group. (ECF No. 57-3 at 1). Mr. Carr discussed that Ms. Hall is a well regarded employment and ERISA attorney, who has practiced for more than 20 years and received many accolades. (*Id.* at 1-2). Mr. Carr affirmed that Ms. Hall's hourly rate of $340.00 is within the range of rates charged by his firm's labor and employment practice and well within the range of rates charged in the market by attorneys of Ms. Hall's experience and expertise. (*Id.* at 2).

Reviewing other cases in this district, Mr. Wilson's hourly rate of $260.00 is well within the range of rates charged for similar work. Ms. Hall's hourly rate of $340.00 is rather high for a simple motion for sanctions, but it is not unreasonable in this market given her expertise and the subject matter of this action. *See, e.g., Meadows v. AM & GH LLC*, No. 2:15-CV-13370, 2018 WL 3876587, at *5 (S.D.W. Va. Aug. 15, 2018) (finding that $350.00 rate was reasonable for experienced West Virginia employment and labor attorney); *Stiltner v. Cabell Cnty. Comm'n,* No. 3:13-CV-07513, 2014 WL 1330206, at *1 (S.D.W. Va. Apr. 1, 2014) (approving hourly rate of $325.00); *Johnson v. Ford Motor Co.,* No. 3:13-CV-06529, 2018 WL 1440833, at *5–6 (S.D.W. Va. Mar. 22, 2018) (collecting cases) (noting that the prevailing rates for attorney services in this jurisdiction range from $150 to $550, including $350.00 per hour in a Fair Labor Standards Act case); *Young v. Act Fast Delivery of W. Virginia, Inc.*, No. 5:16-CV-09788, 2020 WL 4805036, at *5 n.1 (S.D.W. Va. Aug. 18, 2020) (approving hourly rates of $400.00 and $500.00 in Fair Labor Standards Act case). For those reasons, the Court approves the hourly rates claimed by Defendants.

As to the types of tasks that Defendants' counsel performed and the amount of time expended, the Court finds that the request for fees is reasonable. Defendants seek fees for drafting and revising the motion for sanctions, reply, and request for fees; reviewing Plaintiff's response to the motion; and strategizing regarding a reply. Those tasks were reasonable and necessary to file and pursue the motion for sanctions. Defendants did not include any non-compensable tasks, such as reviewing discovery responses, that they would have performed notwithstanding Plaintiff's failure to comply with the Court's discovery order. Also, Defendants documented reasonable increments of time for the tasks that they performed.

Having closely reviewed the entries in the fee application and applying the relevant law, the undersigned **ORDERS** Plaintiff to reimburse Defendants **Two Thousand Four Hundred Forty-Four Dollars and no cents ($2,444.00)** in attorneys' fees related to the motion for sanctions. Plaintiff shall have **thirty (30) days** from the date of this Order to pay the aforementioned amount in full.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** September 19, 2023

Cheryl A. Eifert
United States Magistrate Judge